# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES JORDAN,               )
                    )
        Plaintiff,          )
                    )
      v.                )      Civil Action No.  23-0127 (UNA)
                    )
ALL STAR AUTO SALES, *et al.*,  )
                    )
        Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.  The application will be granted, and the complaint will be dismissed without prejudice.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

This complaint neither presents a federal question nor establishes diversity jurisdiction, as all the parties appear to reside or conduct business in  Laurel, Maryland, and the amount in

1

controversy does not meet the $75,000 threshold.  Therefore, because subject matter jurisdiction is wanting, the Court must dismiss this case.  *See* Fed. R. Civ. P. 12(h)(3).

An Order is issued separately.


DATE: January 25, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge